J. SAYLES BROWN *vs.* A. P. CLARK ET AL.

LAW. No. 23,244.

{ Decided March 24, 1884.
{ The CHIEF JUSTICE and JUSTICES Cox and JAMES sitting.

1. An agreement to pay usury is a mere nullity, and cannot be set up as the consideration of an agreement.
2. Defendant had given a note drawing ten per cent. interest per annum. After the note became due, there was endorsed upon it the following: " It is agreed and understood between the parties to the within note, that it is to run at the rate of five per cent. a month." It was contended that the plaintiff, by agreeing to take usury, had forfeited his right to recover anything but the principal of the note.

*Held,* That the new agreement to pay usurious interest, though void, did not affect the original contract to pay legal interest, and that the plaintiff was therefore entitled to recover the principal, with accrued interest, at the rate of ten per cent.

THE CASE is stated in the opinion.

RIDDLE, DAVIS & PADGETT for plaintiff.

ALLEN C. CLARK for defendants.

Mr. Justice Cox delivered the opinion of the court.

This action was brought upon a promissory note, which reads as follows:

"WASHINGTON, *April* 1, 1876.

We jointly and severally, thirty days after date, promise to pay to the order of J. Sayles Brown, $161, payable at 119 Sixth street N. E., value received, with interest at 10 per cent. per annum until paid.

APPLETON P. CLARK.
ELIZABETH C. CLARK.
ALLEN C. CLARK."

Elizabeth C. Clark is the wife of Appleton P. Clark, and Allen C. Clark is the son of Appleton P. Clark. On the note, under date of March 1, 1877, eleven months after its date, there is endorsed the following:

"It is agreed and understood between the parties to the within note, that it is to run at the rate of five per cent. a month.

APPLETON P. CLARK."

24

This suit was brought on the 14th of November, 1881. Mrs. Clark pleaded coverture, and judgment was given in her favor.

Appleton P. Clark, the father, allowed the judgment to go against him by default. Allen C. Clark, the son, pleads, besides the general issue, that he was an infant, under twenty-one years of age, at the time this note was given, and that the alleged cause of action did not accrue within three years before the commencement of the suit. To this the plaintiff replies a new promise, made within the three years before the commencement of the suit, and after the defendant became of age.

At the trial, two instructions were asked, to the refusal to grant which exceptions were taken.

The first instruction asked was:

"The jury are instructed that the agreement between the plaintiff and Appleton P. Clark, the principal maker, endorsed upon the note sued on, after its maturity, released the defendant Allen C. Clark, and that they should return a verdict in his favor."

The theory of this instruction is, that the principal debtor was Appleton P. Clark, the father, and that the others were sureties, and that this was an agreement to give time without the consent of the sureties, which has the effect in law of discharging the latter. It is, unquestionably, the rule of law, that a *valid* agreement to give time to the principal does discharge the surety, if made without the latter's consent. In this case it will be observed, first, that it is not at all clear what the relation was between these three promisors; whether it was that of principal and surety, or they were all principals. It is true that the money was advanced for the use of the father. That is admitted, and yet the lender may have given credit entirely to the son, or he may have chosen to regard them all as principals, and not have been willing to accept any one as surety. In form, the note is that of three principals, and if it be material, there ought to be something to make it evident that the plaintiff understood that the relation of suretyship existed between Allen and

his father. It does not appear upon the face of the paper at all. Unless it be shown that there was this relation, then the alleged agreement to give time would have no effect, as a covenant not to sue one of several principals does not discharge the others, while a covenant not to sue the principal does discharge the surety. But there was no agreement to give time. The only thing shown in that regard is, that that the plaintiff proposed to the father that he would *forbear pressing for payment thereafter* if interest on the note at the rate of five per cent. per month was paid. He did not agree to forbear for any particular time, or to forbear for a reasonable time. We find in the books that an agreement to forbear generally is not even a consideration for a new promise by the *debtor*. In one case, it was held that, *after verdict*, it would be presumed to be an agreement to forbear for a reasonable time, but the expression, "to forbear for a short time," or "to forbear," generally, was held to be simply void for uncertainty, and not of sufficient value to sustain a new promise. The agreement must be to forbear for a definite time, or, in terms, for a reasonable time, at least. So that this agreement simply to forbear is void for uncertainty. It does not give time to the alleged principal, and, consequently, would not have the effect of discharging the surety.

In addition to that, even if it could be said to give time, the agreement is void under our laws against usury. The statute provides that if parties contract to pay more than ten per cent. interest per annum, even where the contract is in writing, the lender shall forfeit the entire interest. So that, by virtue of this agreement, the lender acquired nothing. Even if the interest had been paid him, it could be recovered back by suit. The lender could not recover a dollar of it. There was no consideration to him for the promise to forbear. On that account, the law would treat this agreement as a mere nullity, and consequently not available, as a defence, to the surety.

The other instruction was that:

"If the jury shall find from the evidence for the plaintiff,

their verdict should be only for the principal of the note."

The theory of this instruction is that, by virtue of our law, to which we have already referred, an agreement for more than legal interest involves the forfeiture of the whole interest. But that means a forfeiture of the whole interest referred to in the agreement. Undoubtedly, no interest could be recovered by virtue of this agreement for further time in consideration of the payment of five per cent. a month. That is simply void, and leaves the parties where they were before the agreement was made; and before the agreement was made, the plaintiff had a promissory note, payable with ten per cent. interest, which was a legal rate of interest. This new invalid agreement does not affect the original one. It leaves that in full force, and under that, there had already accrued eleven months' interest on the original promissory note. There is, therefore, error in the prayer, in asking too much, and the court was right in refusing it.

These are all the instructions that were asked, and we are unable to find in the refusal of them any ground for reversing the judgment below. It is therefore affirmed.